IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **AJITPAL SINGH SAMRA**<br><br>*Plaintiffs,*<br><br>VS.<br><br>**FANDANGO II, LLC D/B/A REVOLUTION EVENTS AND ENZO COYOTE SCARNECCHIA**<br><br>*Defendant.* | **CIVIL ACTION NO. 23-465 MLG/JFR** |

**PLAINTIFF'S RESPONSE TO DEFENDANT FANDANGO II, LLC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Ajitpal Singh Samra, and files this *Plaintiff's Response to Defendant Fandango II, LLC's Motion to Dismiss for Lack of Personal Jurisdiction*, and would show the Court as follows:

### I.   INTRODUCTION

This case arises out of a motor vehicle collision that occurred in McKinley County, New Mexico. Suit was originally filed in the 1st Judicial District Court of Santa Fe County and was removed to this Court. As a threshold matter, Defendant has waived its right to challenge personal jurisdiction because it consented to the Court's jurisdiction prior to filing its first responsive pleading. Jurisdiction is appropriate because it is well-settled that a non-resident motor carrier has sufficient contacts with a forum where its driver causes a collision in that state. Further, no other conditions make jurisdiction unreasonable under these facts.

### II.   STANDARD OF REVIEW

New Mexico's long-arm statute specifically authorizes personal jurisdiction over "[a]ny

person, whether or not a citizen or resident of this state, who in person *or through an agent*" transacts business, operates a motor vehicle upon the highway, or commits a tortious act. See NMSA 1978 § 38-1-16 (emphasis added). Similar statutes have been found to be in conformity with the dictates of due process of law. See Moore's Federal Practice, P4.41-1(3). After establishing personal jurisdiction, the burden is on the Defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Pro Axcee, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005).

### III. ARGUMENTS AND AUTHORITIES

#### a. *Defendants Waived Any Challenge to Personal Jurisdiction*

Personal jurisdiction is "an individual right" which "can, like other such rights, be waived" by express or implied consent. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinne*, 456 U.S. 694, 703, 102 S. Ct. 2099, 72 L.Ed 2d 492 (1982). The right to challenge personal jurisdiction may be waived by (1) untimely challenge, (2) implied consent, and (3) conduct. *See, e.g. Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011). Here, Defendant waived its right to challenge personal jurisdiction by entering a general appearance and explicitly consenting to the jurisdiction of the Court prior to filing its challenge.

On May 31, 2023, Defendant filed *Defendant Fandango II, LLC'S Notice of Consent to Magistrate Judge*. (Doc. 4). This filing constituted a general appearance by counsel, and explicitly consented to "Magistrate Judge Kirtan Khalsa conducting dispositive proceedings in this matter, including motion and trial." *Id*. This general appearance was entered several days before *Defendant Fandango II, LLC's Answer to Complaint* where Defendant raised the jurisdictional challenge for the first time. (Doc. 5). Because Defendant has explicitly consented to the jurisdiction of the Court in a general appearance, Defendant has waived its right to challenge personal jurisdiction. Thus,

Defendant's motion to dismiss should be denied.

### b. There Are Sufficient Contacts for Personal Jurisdiction at the Location of a Crash

Even if this Court finds that the jurisdictional challenge was not waived, Defendant's is subject to this Court's jurisdiction. The Court has specific jurisdiction over Defendant because its agent, while in the course and scope of his employment, was involved in a motor vehicle collision on a New Mexico highway[1]. New Mexico's long-arm statute specifically authorizes personal jurisdiction over "[a]ny person, whether or not a citizen or resident of this state, who in person *or through an agent*" transacts business, operates a motor vehicle upon the highway, or commits a tortious act. See NMSA 1978 § 38-1-16 (emphasis added). The constitutionality of state long-arm statutes with substantially similar language in similar factual scenarios has been consistently upheld as Constitutional:

> "It is patently clear that a non-resident motorist who is involved in an automobile accident in a particular state, as is presented by the case at bar, has established a sufficient contact with that state to warrant its courts in asserting *in personam* jurisdiction over him to determine the merits of any controversy that may happen to arise out of that accident."
> *Zerr v. Norwood*, 250 F. Supp. 1021, 1021 (D. Colo. 1966). See also, *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927).

At the time of the collision, Defendant Fandango was a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration ("FMCSA"). As a requirement of maintaining a license in good standing with the FMCSA, a motor carrier must designate a person upon which court process may be served in each state. 49 CFR §366. Fandango, through its blanket company, Truckers Nationwide, Inc., had a designated agent for service of process in New Mexico[2]. As such, it is not unreasonable for Fandango to expect that it may be hailed into court in

---

1 *See* McKinley County Sheriff's Office Crash Investigation report; Doc. 9 ("At the time of the incident [defendant's agent] was in the course and scope of his employment with Defendant Fandango.").
2 See Exhibit B & C

a state where it does business and where its agent committed a tort.

Since it is undisputed that Defendant Scarneccia was acting as an employee in the course and scope of his employment with Defendant Fandango, and that Scarneccia collided with Plaintiff's vehicle on a New Mexico highway, Defendant has minimum contacts sufficient to establish personal jurisdiction for this suit. Thus, Defendant's motion to dismiss should be denied.

### c. *Jurisdiction Over Defendant is Fair and Reasonable*

Where, as here, a Plaintiff has established the Defendant's minimum contacts within a forum state, Defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Pro Axcee, Inc. v. Orlux Distribution, Inc*., 428 F.3d 1270, 1280 (10th Cir. 2005). Though Defendant claims it "will suffer an immense burden defending itself in New Mexico," it does not say how and offers no proof in support of its arguments. (Doc. 9). Courts consider the following factors when making this inquiry: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the Plaintiff's interest in receiving convenient and effectual relief. (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). All five of the factors courts consider in determining if an exercise of jurisdiction over a party would be unreasonable, weigh in favor of maintaining jurisdiction.

The subject collision happened in New Mexico, it was investigated by New Mexico State law enforcement, and Plaintiff received medical treatment for injuries sustained in the crash in New Mexico. Because of this, critical evidence and potential witnesses in the case are located in New Mexico. In the age of electronic mail, electronic document production, and Zoom depositions,

there is no reason to believe that Defendants will be unreasonably burdened by litigating this case in New Mexico. New Mexico has an interest in resolving disputes involving the safety of its highways, and it is irrelevant to the inquiry that Plaintiff is not a resident of New Mexico. See *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1080-81 (10th Cir. 2008) (finding that maintaining suit in Colorado where the events giving rise to the action did not offend traditional notions of fair play and substantial justice though neither party resided in Colorado). Plaintiff has a strong interest in receiving convenient and effective relief and has chosen New Mexico as the forum for resolution of his claims. There is no evidence or reason to believe that maintaining this action in New Mexico will disrupt any interests of other states or the interstate judicial system. Thus, Defendant's motion to dismiss should be denied.

## IV. CONCLUSION

Plaintiff has established that this Court has personal jurisdiction over Defendant Fandango because at the time of the collision, which occurred in New Mexico, Defendant Scarneccia was an employee acting in the course and scope of his employment with Defendant Fandango and it was a motor carrier authorized to operate in the State of New Mexico, is required to designate an agent for service of process in the State of New Mexico. Further, it would not violate the notions of fair play and substantial justice to assert Personal jurisdiction over Defendant Fandango.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court DENY *Defendant Fandango II, LLC's Motion to Dismiss for Lack of Personal Jurisdiction*, and for other and such further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,
Electronically Filed
*/s/   Michael R. Cowen*
MICHAEL R. COWEN
Begum & Cowen, PLLC
2440 Louisiana Blvd. NE, Suite 160
Albuquerque, NM 87110
Telephone: (505) 257-6186
Facsimile: (210) 880-9461
michael@cowenlaw.com

E-MAIL FOR SERVICE:
efilings@cowenlaw.com

COUNSEL FOR PLAINTIFF,
AJITPAL SINGH SAMRA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered, in the required manner, to all counsel of record in accordance with the Federal Rules of Civil Procedure on July 14, 2023.

**ESERVE**
Dustin D. Dempsey
Katrina Bagley Brown
ALLEN, SHEPHERD & LEWIS, P.A.
P.O. Box 94750
Albuquerque, New Mexico 87199


*/s/ Michael Cowen*
Michael Cowen