**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AJITPAL SINGH SAMRA,

Plaintiff,

v. No. 1:23-CV-00465-MLG-JHR

FANDANGO II, LLC d/b/a REVOLUTION EVENTS and
ENZO COYOTE SCARNECCHIA,

Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S PROPERTY CLAIMS**

This matter comes before the Court on a Motion for Summary Judgment of Plaintiff's Property Damage Claims ("Motion") submitted by Defendants Fandango II, LLC d/b/a Revolution Events ("Fandango") and Enzo Coyote Scarnecchia ("Defendants"). Doc. 126. Defendants seek judgment on Plaintiff Ajitpal Singh Samra's claims for property damages, asserting that Samra failed to specifically plead a request for property damages and otherwise failed to disclose an expert who could testify in support of such claims. *Id.* at 1. Samra challenges both arguments. *See* Doc. 140. The dispute puts two questions before the Court: (1) whether Samra's claimed property damages are special damages that must be pled specifically, and (2) whether Samra's failure to designate an expert witness for property valuation entitles Defendants to summary judgment.

The Court concludes that Samra's claim for general damages incorporates a request for property damages. To prove up those damages, however, Samra will be limited to lay witness testimony and other admissible evidence; Samra's failure to designate an expert witness bars him from offering such testimony at trial. The Court's reasoning is set out below.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Samra and Scarnecchia's vehicles collided on Interstate 40 in McKinley County. Doc. 1-1 ¶¶ 8, 10; Doc. 5 ¶¶ 8, 10. Following the wreck, Samra sued Scarnecchia and his employer, Fandango, for negligence and negligence per se. Doc. 1-1 ¶¶ 21-32. He seeks compensatory damages, pre-judgment and post-judgment interest, punitive damages, and "all other relief the Court deems just and proper." Doc. 1-1 ¶¶ 33, 38. As part of his general demand for damages, Samra requests $159,931 for his wrecked vehicle, a semi-truck. Doc. 126 at 2; Doc. 140-1 ¶¶ 3-6.

Samra intends to testify in support of these damages. Doc. 140 ¶ 10. To that end, he submitted a declaration describing his experience operating, modifying, and maintaining the semi-truck and asserting that his background allows him to assess its condition and value. Doc. 140-1 ¶¶ 1, 4, 7. Notably, however, his loss valuation is taken from the appraisal of Robert Benavidez, who is apparently a consultant in the case, and who provided his opinion regarding the replacement value of the semi-truck.[2] Doc. 126-2; Doc. 140-1 ¶ 6. And although significant facts indicate that the valuation of Samra's vehicle is not a routine matter, Samra did not designate anyone (including himself) as an expert to offer an opinion regarding the value of his semi-truck. Doc. 126-1.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When assessing a motion for summary judgment, "[t]he movant bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197

---

[1] The Court takes the following from the parties' pleadings, undisputed material facts, and exhibits.

[2] Benavidez's appraisal does not provide any information regarding his qualifications or other experience. Doc. 131-2.

(10th Cir. 2022). That showing may be satisfied "either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Orosco v. Bannister*, 2023 U.S. Dist. LEXIS 183931, at *6 (D.N.M. Oct. 12, 2023) (brackets and quotation omitted). "Once this burden is met, the non-moving party then sets forth specific facts showing there is a genuine issue for trial." *Id*. at *6-7. In considering the request, "the Court examines the factual record and draws all reasonable inferences in the light most favorable to the nonmoving party." *StoneX Commodity Sols. LLC v. Bunkley*, No. 1:23-cv-00735-MLG-LF, 2024 U.S. Dist. LEXIS 144111, at *4 (D.N.M. Aug. 12, 2024) (citing *EFLO Energy v. Devon Energy Corp.*, 66 F.4th 775, 787 (10th Cir. 2023)). Because it is a drastic remedy, summary judgment should not be granted improvidently. *McGill v. Am. Land & Expl. Co.*, 776 F.2d 923, 926 n.5 (10th Cir. 1985) ("We reiterate the teachings of our past cases that summary judgment is a drastic remedy that should be granted only with caution." (citing *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230, 234 (10th Cir. 1975))).

**DISCUSSION**

Defendants advance two arguments in support of summary judgment. First, they contend that Samra cannot recover property damages because he did not specifically plead them in his Complaint. Doc. 126 at 3–4; Doc. 1-1. Second, they argue that Samra cannot prove his property damages because he failed to designate an expert witness to testify about the value of his semi-truck. Doc. 126 at 4. Neither argument is persuasive. Samra's claimed property damages are not special damages that must be specifically pled, and although his proposed valuation requires expert testimony, the absence of a designated valuation expert does not foreclose all admissible evidence

of value. For these reasons, the motion is denied—albeit with some qualifications. The Court's reasoning and holding are detailed below.

## I. Samra's Claimed Property Damages Are Not Special Damages.

Federal Rule of Civil Procedure 9(g) provides that "[i]f an item of special damage is claimed, it must be specifically stated." The distinction between general and special damages turns on whether the claimed injury naturally follows from the conduct alleged. *Roberts v. Graham*, 73 U.S. 578, 579 (1867). "To put it another way, special damages depend on particular circumstances of the case, while general damages are the ordinary result of the conduct alleged." *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 342 (10th Cir. 2020) (brackets and quotation omitted). Thus, damages may be special when they arise from circumstances peculiar to the plaintiff rather than from the expected consequences of the claimed wrong. *See Weyerhaeuser Co. v. Brantley*, 510 F.3d 1256, 1266 (10th Cir. 2007). Ultimately, whether damages are characterized as "special" depends on the nature of the claim and the circumstances giving rise to the asserted injury.

Here, the event giving rise to Samra's claimed damages is a motor vehicle collision. Doc. 1-1 ¶¶ 8, 10; Doc. 5 ¶¶ 8, 10. As Samra confirmed in his deposition, he seeks compensation for damage to his tractor, damage to his semi-truck, and the value of personal items destroyed in the collision. Doc. 149-1 at 3. Those losses are ordinary consequences of this accident; they are not conditional on any circumstances unique to Samra. Accordingly, those damages do not constitute special damages.

Defendants rely on two district court orders to argue otherwise. Doc. 126 at 3-4. But those orders are not controlling, and neither establishes a categorical rule. Both are form orders setting settlement conferences, and they merely address examples of issues that may complicate

settlement—including special damages. *Long v. Acuna*, No. 18-cv-0857-MV/SMV, 2019 U.S. Dist. LEXIS 115999, *3 ("It has been the Court's experience that disagreement over special damages—e.g., past medical expenses, lost wages, property damages—often presents an obstacle to settlement."); *Buendia v. Walgreens Fam. of Cos.*, No. 16-cv-0434-MCA/SMV, 2016 U.S. Dist. LEXIS 157462, *3. More significantly, those directives do not address the present question—whether property damages arising from a motor vehicle collision may be categorized as special damages pursuant to Rule 9(g). *See Long*, 2019 U.S. Dist. LEXIS 115999; *Buendia*, 2016 U.S. Dist. LEXIS 157462. And it is Tenth Circuit law that the special or general character of damages turns on the particular circumstances of the case. *Weyerhaeuser Co.*, 510 F.3d at 1266. For that reason, Samra's claimed property damages must be considered in conjunction with the facts presented.

To that end, the Court finds that Samra's claimed property damages do not depend on any circumstances unique to him. They flow naturally and directly from the automobile collision at issue. In contrast to damages that arise from some additional and peculiar circumstance attendant to the plaintiff, the property damage at issue in this case is a direct consequence of the collision itself. The Court therefore concludes that Samra's claimed property damages are not special damages subject to Rule 9(g)'s heightened pleading requirement.

## II. Samra's Proposed Property Valuation Requires an Expert Witness.

Federal Rules of Evidence 701 and 702 distinguish between lay opinion testimony and expert testimony. The former allows a lay witness to give an opinion only if it is based on the witness's perception, helpful to understanding the testimony or determining a fact in issue, and

"not based on scientific, technical, or other specialized knowledge."[3] Fed. R. Evid. 701. Testimony incorporating such specialized knowledge and outside the ken of the average juror—i.e., expert testimony—is governed by Rule 702. The distinction is material here because a party proffering expert testimony must comply with the relevant disclosure requirement included in Rule 26(a)(2), including the mandate to provide information about expert witnesses "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to meet these disclosure requirements, they typically may not call an expert witness to testify at trial unless the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

A person's testimony regarding the value of their own property is generally proper, but there is no benchmark clearly delineating lay testimony from expert opinion in this context. *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1283 (10th Cir. 2005).[4] For example, a lay witness can provide a valuation "based on straightforward, common sense [sic] calculations." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214-16 (10th Cir. 2011). By contrast, valuation testimony concerning "large, specialized, expensive pieces of equipment" with unique technical characteristics such as "25 horse, 60-inch cut," "hydrostat," and "dual oil filters" requires an expert witness. *Kechi Twp. v. Freightliner, LLC*, 592 F.App'x 657, 675 (10th Cir. 2014). Factors material to distinguishing between expert and lay testimony include: (1) the amount of technical

[3] "A district court has broad discretion to determine whether a lay witness is qualified under Rule 701 to testify on a matter of opinion." *U.S. v. Banks*, 761 F.3d 1163, 1200 (10th Cir. 2014) (internal citations omitted).

[4] *Cf. Adams v. Erickson*, 394 F.2d 171, 175 (10th Cir. 1968) ("[E]ven a nonexpert may testify to the value of property *if his knowledge has been derived through the general avenues of information to which the ordinary business man resorts*.") (emphasis added); *Loughridge*, 431 F.3d at 1283 ("[The property owners] are deemed to have special knowledge of their property *given their long ownership and familiarity with it* . . . they were entitled to the privileges of a *testifying expert*.") (emphasis added).

judgment required in choosing and applying the valuation methodology; (2) the amount of knowledge derived from professional experience used in determining the value; (3) the amount of reliance on a technical report or information from an outside expert; and (4) the applicability of guidance in Rule 702 and the attached advisory committee's notes. *James River*, 658 F.3d at 1214-16.

With these principles in mind, and applying the four *James River* factors here, the Court concludes that Samra's proposed valuation of the semi-truck falls within the ambit of expert testimony. First, the valuation of the semi-truck uses technical judgment. This is not an ordinary passenger vehicle whose worth can easily be compared to other models. Rather, Samra's description of the semi-truck involves the following specifications:

> 20,000 lb steer axle. . . 25,000 lb steerable push axle. . . 46,000 lb drive axle . . . 4.10 rear differential ratio . . . 2050 torque 18-speed Eaton transmission . . . Setback front axle for axle spacing . . . Custom oversize load beacons lights on the truck roof . . . Custom 120" 5th wheel slider . . . 244" wheel base . . . Favorable right axle spacing . . . Moose bumper . . . [and] Cummins ISX 565 HP Engine.

Doc. 140-1 ¶ 5. Determining the impact of these custom features on the vehicle's value requires knowledge beyond ordinary experience. Indeed, Benavidez, who prepared the appraisal on which Samra relies, testified in his deposition that "this one was a particular rare vehicle [sic] to look up" and "a lot more difficult than normal." Doc. 126-2 at 2.

The second factor also supports treating Samra's proposed valuation testimony as expert in nature. In his declaration, Samra states that he has "hauled specialized trailers… continuously since 2007" and that his "hands-on experience . . . allows [him] to accurately assess its condition and value." Doc. 140-1 ¶¶ 1-7. That particular background is not incidental to his opinion; it is the reason Samra can accurately appraise the vehicle. He is thus "better situated than most owners" to determine the value of his vehicle because of his profession. *James River*, 658 F.3d at 1215.

The third factor likewise favors treating Samra's proposed valuation as expert testimony because his testimony is derivative of Benavidez's appraisal. Although Samra provided Benavidez with information about the semi-truck, the valuation itself came from the appraisal. Doc. 140-2 ¶ 6; Doc. 126-2 at 2. Samra does not identify a value independently derived from his knowledge of the purchase price, repair costs, comparable sales, or other experience common to ordinary vehicle owners. *See* Doc. 140-1. His testimony regarding proposed valuation necessarily relies on the opinion of a professional appraiser. *Id.*

Fourth and finally, Rule 702 and the corresponding advisory committee's notes distinguish testimony based on specialized knowledge from testimony based on opinions that an ordinary layperson could form without such assistance. Fed. R. Evid. 702 advisory committee's note to 1972 Proposed Rules ("Thus within the scope of the rule are not only experts in the strictest sense of the word . . . but also the large group sometimes called "skilled" witnesses, such as bankers or landowners testifying to land values."). Here, Samra relied on his extensive experience and knowledge of commercial vehicles, while Benavidez relied on his experience appraising vehicles. Doc. 140 Exh. 1 ¶¶ 6-7; Doc. 126 Exh. 2 at 2. Both therefore drew on knowledge exceeding that of an ordinary vehicle owner. The Court concludes that the opinion falls within the scope of Rule 702.

In sum, Samra did not identify either himself or Benavidez as an expert witness concerning the value of the semi-truck. *See* Doc. 126-1. Under Rule 37(c)(1), a party that fails to make the disclosures required by Rule 26(a) may not use the undisclosed witness to supply expert evidence "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 26(a), Fed. R. Civ. P. 37(c)(1); *see also Davis v. St. Anselm Expl. Co.*, No. 10-CV-883-KG/WPL, 2014 U.S. Dist. LEXIS 187079 at *22-23 (D.N.M. July 1, 2014). Accordingly, neither Samra nor Benavidez may offer an

expert opinion on the value described above. That conclusion, however, does not necessarily foreclose Samra from offering otherwise admissible lay opinion testimony concerning his property.

## CONCLUSION

In sum, the Court concludes that Samra's claimed property damages are general damages that were sufficiently pled in Samra's initial complaint. The specific opinion Samra intends to offer at trial, however, uses specialized knowledge falling within the scope of Rule 702. Because Samra failed to timely disclose an expert witness to testify about the semi-truck's value, he may not proffer expert testimony on the matter. That does not foreclose Samra from proving his property damages through otherwise admissible testimony or through other competent evidence. So, genuine disputes of material facts remain. Accordingly, the Court denies Defendants' Motion for Summary Judgment of Plaintiff's Property Damage Claims.

It is so ordered.



UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA